## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | |
|---|---|
| **Elizabeth S. Threet** | * |
| 6303 Josephine Road | |
| Waldorf, Maryland 20601 | * |
| | |
| **Brenda Lee Carpenter** | * |
| 7 Glymount Road | |
| Indian Head, Maryland 20640 | * |
| | |
| **Georgia McCoy** | * |
| 5930 Port Tobacco Road | |
| Indian Head, Maryland 20640 | * |
| | |
| **Gerald Goodwin, Jr.** | * |
| 1010 Lipscomb Street | |
| Richmond, VA 23224 | * |
| | |
| **Andrea Shiell** | * |
| 1010 Lipscomb Street | |
| Richmond, VA 23224 | * |
| | |
| Together, "Plaintiffs" | * |
| | |
| v. | *    Case No. _____ |
| | |
| **Venas, LLC** | *    **JURY TRIAL DEMANDED** |
| (t/a "IHOP") | |
| 9807 Larson Place | * |
| Waldorf, Maryland 20603 | |
| | * |
| | |
| **Samson Okasagah** | * |
| 15 D Leatherwood Place | |
| Baltimore, Maryland 21237 | * |
| | |
| **Sabina Shrestha** | * |
| 9807 Larson Place | |
| Waldorf, Maryland 20603 | * |
| | |
| Together, "Defendants" | * |

_____/

**COMPLAINT**

Plaintiffs, Elizabeth Threet, Brenda Lee Carpenter, Georgia McCoy, Gerald Goodwin, Jr., and Andrea Shiell, through undersigned counsel, state a complaint against Defendants Venas, LLC (t/a "IHOP"), Samswon Okasagh, and Sabina Shrestha, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and a supplemental state law claim against under Maryland's Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq* ("MWHL"), and demand a jury trial, as follows:

**Introduction, Jurisdiction and Venue**

1. This Court has original jurisdiction of the FLSA action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the Maryland Wage and Hour Law claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

3. Venue and personal jurisdiction is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the events and omissions giving rise to these claims occurred within this judicial district, and all Defendants regularly conduct business in this judicial district.

4. Plaintiffs Elizabeth Threet ("Threet"), Brenda Lee Carpenter ("Carpenter"), Georgia McCoy ("McCoy"), and Gerald Goodwin, Jr. ("Goodwin"), and Andrea Shiell ("Shiell"), worked at Defendants' "IHOP" franchise in La Plata, Maryland (the "La Plata IHOP"). Defendants Venas, LLC is a Maryland limited liability corporation. By failing to pay the Plaintiffs the minimum wage and overtime wages that were due, Plaintiffs allege that Defendants willfully violated very clear and well-established minimum wage and overtime provisions of the FLSA. Similarly, the Plaintiffs allege that the Defendants violated the minimum wage

provisions of the MWHL. In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, and attorneys' fees and costs as provided under the FLSA and the MWHL.

5. Defendants Venas, LLC is a corporate entity doing business as "IHOP" in La Plata, Maryland. Upon further information and belief, Defendant Venas, LLC is owned and operated by Defendants Samson Okasagah and Sabrina Shrestha.

6. At all times material herein, Venas, LLC had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

7. Defendants Samson Okasagah ("Okasagah") and Sabrina Shrestha ("Shrestha"), upon information and belief, are officers and members of the Defendant Venas, LLC. Defendants Okasagah and Shrestha supervise the administration of the La Plata IHOP, and maintain either direct or indirect control over the scheduling of employees for work. Upon information and belief, they receive income and/or salary from Defendant Venas, LLC. Defendants Okasagah and Shrestha have actively engaged in the management and direction of employees, including the Plaintiffs, and have possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at the La Plata IHOP, including the Plaintiffs. Upon information and belief, Defendants Okasagah and Shrestha have custody and control of business records and are responsible for maintaining those records. At all times material herein, Defendants Okasagah and Shrestha have been employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Ann. Code, LE art. 3-401(b), and thus, Defendants Defendants Okasagah and Shrestha are jointly and individually liable under for damages to the Plaintiffs arising under the FLSA, and the MWHL.

8. Defendant Venas, LLC employs at least two or more employees who are engaged in

commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendant who negotiate and purchase food from producers and suppliers who operate in interstate commerce. There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries. For example, two or more employees handle, make, and sell such customer favorites as the "Rooty Tooty Fresh 'N Fruity,"® the "CINN-A-STACK"®, the "Harvest Grain 'N Nut"®, using flour, eggs, butter, sugar, spices, and fruit/nuts that have moved in interstate commerce. There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiffs and other servers, who also regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments. There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiffs, and others similarly situated, are employed by Defendant Venas, LLC, a covered entity, which satisfies the enterprise coverage provisions under the FLSA. Defendant also satisfies the coverage provisions of the MWHL, insofar as it grosses at least $250,000.00/year. As a covered enterprise, Defendant has at all material times been an "employer" within the meaning of the FLSA and MWHL.

### General Allegations

9. Plaintiffs were employed by Defendants on various dates and in various workweeks during the three year period prior to filing this Complaint. During the past three years, the Plaintiffs were employed Defendants as servers at the La Plata IHOP. As servers, Plaintiffs took

food/beverage orders from guests and served food/beverages to guests.

10. Plaintiffs were not exempt under the FLSA's minimum wage or overtime compensation requirements, and were not exempt from the MWHL's minimum wage requirements.

11. Defendants have violated rights of the Plaintiffs to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL, and must allow the tipped employees to retain all tips (except in a valid tip pooling arrangement, which is not at issue in this case).

12. Defendants were required by the FLSA and the MWHL (29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419 (respectively)), to inform tipped employees, like the Plaintiffs, that among other things, the tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay $3.63 an hour to the Plaintiffs, an hourly wage which is lower than the requirements of 29 U.S.C. § 206, and half of the minimum wage as set forth in Md. Ann. Code LE art. § 3-413.

13. Defendants violated the 29 U.S.C. § 203(m) by failing to inform Plaintiffs that they were taking a so-called "tip credit" against Defendants' minimum wage obligations, and further violated the FLSA by maintaining a policy that resulted in confiscation of gratuities by the employer to cover business losses such as customer walk-outs.  Defendants also violated the MWHL by failing to notify Plaintiffs, and others similarly situated, as to the tip credit provisions of MWHL, Md. Ann Code LE art. § 3-419(a)(1)(ii).  As a result, Defendants owe the Plaintiff $7.25/hour, less the $3.63/hour that they allegedly paid them.

14. Additionally, Defendants violated the FLSA and the MWHL by failing to pay Plaintiffs for all of the hours which they actually worked.  Defendants engaged in systemic wage theft by

regularly cutting the number of hours worked by Plaintiffs in processing the payroll, including but not limited to, deducting time for unpaid lunch and rest-breaks that Plaintiffs were regularly required, suffered and/or permitted to work.

15.     In addition, Plaintiffs Threet and Carpenter regularly worked more than 40 hours in a statutory workweek.  (Plaintiffs McCoy, Goodwin and Sheill generally did not work a full-time schedule or more than forty (40) hours per week.)  However, for this work, Plaintiffs Threet and Carpenter were not paid overtime compensation.  Under the FLSA, the Plaintiffs Threet and Carpenter should have received at least $10.88/hour for all overtime hours worked in a 40 hour statutory workweek (or, alternatively, if Defendants are determined to be in compliance with the requirements of 29 U.S.C. § 203(m), which Plaintiffs alleges that they are not, the Defendants would have been required to pay Plaintiffs, no less than $7.26/hour under the FLSA for all overtime hours worked in a 40 hour statutory workweek).

## COUNT I
### (FLSA - Failure to Pay Minimum Wage)

16.     Plaintiffs incorporate paragraphs 1-15 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants have at all material times failed to pay Plaintiffs the proper minimum wage rate, free and clear and in a timely manner, and otherwise failed to comply with the requirements of 29 U.S.C. § 203(m).

17.     As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

## COUNT II
**(FLSA - Failure to Properly Pay Overtime)**

18. Plaintiffs incorporate paragraphs 1-17 as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiffs Threet and Carpenter an overtime wage of at least 1 ½ times the applicable minimum wage of $7.25/hour, for certain statutory work weeks, and as a result, Plaintiffs Threet and Carpenter have failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
**(FLSA - Failure to Properly Pay Overtime)**
(*Alternative Count –*
*Overtime Owed Even If In Compliance With Tip Credit Provisions*)

19. Plaintiffs incorporate paragraphs 1-18 as set forth above, and alternatively plead and state that even if Defendants' actions were in compliance with the tip credit provisions of the FLSA, Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants failed to compensate Plaintiff Threet and Carpenter at a proper overtime rate after application of the so-called tip credit, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage (currently $7.25 an hour), as required by Federal law and applicable Federal regulations.  Defendants were required, but failed, to pay Plaintiffs Threet and Carpenter at least $6.91 an hour, for every overtime hour that they worked.

## COUNT IV
### (Maryland Wage/Hour Law - Failure to Pay Minimum Wage)

20. Plaintiffs incorporate paragraphs 1-19 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendants have at all material times failed to pay Plaintiffs, a proper minimum wage rate, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE art. § 3-419.

21. As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## Prayer

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, request this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiffs all unpaid minimum wage payments determined by the Court to be due and owing to Plaintiffs under the FLSA (and under the Maryland Wage/Hour law), as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiffs;

(b) Order Defendants to pay Plaintiffs Threet and Carpenter all unpaid overtime premiums determined by the Court to be due and owing to Plaintiffs under the FLSA, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiffs;

(c) Award Plaintiffs' pre-judgment interest on any sums determined to be due and owing from Defendants under the Maryland Wage/Hour law; and

(d) Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,

| | |
|---|---|
| */s/ (with permission)* | */s/ Bradford W. Warbasse* |
| Howard B. Hoffman | Bradford W. Warbasse |
| Federal Bar No. 25965 | Federal Bar No. 07304 |
| 600 Jefferson Plaza, Ste. 304 | 401 Washington Avenue, Ste. 200 |
| Rockville, Maryland 20852 | Towson, Maryland 21204 |
| (301) 251-3752 | (410) 337-5411 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

## Jury Demand

The Plaintiffs, by their attorneys, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Bradford W. Warbasse*
Bradford W. Warbasse